IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
(INDIANAPOLIS DIVISION)

| | | |
|---|---|---|
| DOMINIQUE BISHOP SMITH | ) | CLASS ACTION COMPLAINT |
| | ) | COLLECTIVE ACTION COMPLAINT |
| *On Behalf of Herself and All* | ) | |
| *Other Similarly Situated Individuals* | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: |
| | ) | |
| v. | ) | |
| | ) | |
| SUNSET STRIP, INC. | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CLASS AND COLLECTIVE ACTION COMPLAINT

1. This is a class and collective action brought by Dominique Bishop Smith ("Plaintiff") against Defendant Sunset Strip, Inc. d/b/a the Sunset Strip Gentlemen's Club, located at 2320 West 16th Street, Indianapolis, Indiana 46222 (hereafter "Sunset Strip" or "Defendant").

2. The class and collective is composed of female employees who, during the relevant period of June 27, 2022, through the date of judgment in this case ("the relevant period"), worked as exotic dancers for Defendant at or in Defendant's Sunset Strip Gentlemen's Club in Indianapolis, Indiana, and were denied their rights to minimum wage compensation under applicable state and federal laws.

3. During the relevant period, Defendant misclassified Plaintiff and all other members of the class and collective that worked for Defendant as exotic dancers at or in Defendant's Sunset Strip Gentlemen's Club as non-employee "independent contractors."

4. As a result of Defendant's class-wide misclassification of all exotic dancer employees that work or worked for Defendant at or in Defendant's Sunset Strip Gentlemen's Club during the relevant period, Defendant failed to pay Plaintiff and all other members of the class and

collective minimum wage compensation they were entitled to under the Federal Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA") and the Indiana Minimum Wage Law, Indiana Code Title 22, Labor & Safety § 22-2-2-4 ("IMWL").

5. Plaintiff brings this class and collective action against Defendant seeking class-wide recovery of unpaid wages, liquidated damages, prejudgment interest, reasonable attorney's fees and costs, and all other relief that the Court deems just, reasonable and equitable in the circumstances.

## PARTIES AND JURISDICTION

6. Plaintiff is an adult resident of Chicago, Illinois.

7. Plaintiff has attached hereto her Consent Form to participate in a Collective Action to recover unpaid wages and damages against Defendant under the FLSA. *See* Consent Form attached hereto as Exhibit 1.

8. Defendant is a corporation formed under the laws of the State of Indiana operating as the Sunset Strip Gentlemen's Club, an adult entertainment establishment located in Indianapolis, Indiana, featuring female exotic dancers.

9. During the relevant period, Defendant, through its officers, managers, supervisors, and other employees and contractors, controlled and dictated the day-to-day operations of the Sunset Strip Gentlemen's Club.

10. During the relevant period, Defendant, through managers, supervisors, employees, agents or assigns, supervised and directed the employment of Plaintiff and all other individuals working for defendant as exotic dancers at or in Defendant's Sunset Strip Gentlemen's Club.

11. During the relevant period, Defendant had the power to hire, discipline, suspend, or terminate the employment of Plaintiff and other individuals working for Defendant as exotic

dancers at or in Defendant's Sunset Strip Gentlemen's Club.

12.     During the relevant period, Defendant qualified as Plaintiff's employer and the employer of all other individuals working for Defendant as exotic dancers at or in Defendant's Sunset Strip Gentlemen's Club, within the meaning of the FLSA and IMWL.

13.     During the relevant period, Defendant had gross revenue and sales exceeding $500,000.00, sold beer, wine, spirituous beverages, colas, and food that passed in interstate commerce and otherwise qualified as an "enterprise engaged in commerce" under the FLSA.

14.     This Court has personal jurisdiction over Defendant, has "federal question" subject matter jurisdiction of the claims pursuant to 28 U.S.C. § 1331, has supplemental jurisdiction over the interrelated IMWL state law claims, and constitutes proper venue pursuant to 28 U.S.C. § 1391.

## FACTS

15.     During the period of about 2012 through about March 2021, Plaintiff was employed by Defendant as an exotic dancer at Defendant's Sunset Strip Gentlemen's Club in Indianapolis, Indiana.

16.     During the period of Plaintiff's employment, the number of shifts Plaintiff worked varied from week to week.

17.     During the period of Plaintiff' employment, the exact number of hours Plaintiff worked varied from week to week.

18.     In weeks that Plaintiff worked as an exotic dancer at or in Defendant's Sunset Strip Gentlemen's Club, Plaintiff customarily worked between four (4) to six (6) shifts for an average total of about thirty (30) to forty (40) hours per week.

19.     On information and belief, Defendant has possession of time and/or sign in "house fee"

payment records for Plaintiff and all other individuals that worked for Defendant as exotic dancers at or in Defendant's Sunset Strip Gentlemen's Club during the relevant period.

20.     During the relevant period, Defendant had actual knowledge of all hours Plaintiff and all other exotic dancers that worked for Defendant at or in Defendant's Sunset Strip Gentlemen's worked each shift through sign in or tip-in sheets, DJ records, and shift-managers monitoring and supervising Plaintiff's work duties and the work duties of other exotic dancers at or in Defendant's Sunset Strip Gentlemen's Club.

21.     During the relevant period Defendant never paid Plaintiff or any other exotic dancer working for Defendant at or in Defendant's Sunset Strip Gentlemen's Club any wages or other form of compensation for hours that Plaintiff and any other exotic dancers worked for Defendant at or in Defendant's Sunset Strip Gentlemen's Club each week.

22.     During the relevant period, Defendant misclassified Plaintiff and all other exotic dancers working for Defendant at or in Defendant's Sunset Strip Gentlemen's Club as non-employee independent contractors when these individuals should have been classified under the FLSA and IMWL as employees.

23.     At all times, Defendant controlled all aspects of the job duties Plaintiff and all other exotic dancers performing at or in Defendant's Sunset Strip Gentlemen's Club through employment rules and workplace policies.

24.     At all times, Defendant controlled the method by which Plaintiff and all other exotic dancers working for Defendant at or in Defendant's Sunset Strip Gentlemen's Club could earn money by establishing dance orders, setting customer prices on private and semi-private exotic dances, and setting private and semi-private dance specials and promotions for customers.

25.     At all times, Defendant required Plaintiff and other exotic dancers working for Defendant

in or at Defendant's Sunset Strip Gentlemen's Club to perform private and semi-private dances under the pricing guidelines, policies, procedures, and promotions set exclusively by Defendant.

26. Defendant hired Plaintiff and all other exotic dancers working for Defendant at or in Defendant's Sunset Strip Gentlemen's Club and had the ability to discipline them, fine them, fire them, and adjust their work schedules.

27. Defendant, through supervisors and managers, supervised the duties of Plaintiff and all other exotic dancers working for Defendant at or in Defendant's Sunset Strip Gentlemen's Club to make sure their job performance was of sufficient quality.

28. Defendant conducted initial interviews and vetting procedures for Plaintiff and all other exotic dancers working for Defendant at Defendant's Sunset Strip Gentlemen's Club and, Defendant's sole discretion, Defendant's management and/or ownership could deny Plaintiff or any other dancer access or ability to dance and/or work at or in Defendant's Sunset Strip Gentlemen's Club.

29. At all times relevant, Defendant had the right to suspend or send Plaintiff and/or other exotic dancers working for Defendant at or in Defendant's Sunset Strip Gentlemen's Club home and away from the club if Plaintiff or other dancers violated Defendant's rules or policies or if Defendant's ownership or management, at its discretion, did not want Plaintiff or any other dancer working at or in the club.

30. As a condition of employment with Defendant, Plaintiff and other exotic dancers working for Defendant at or in Defendant's Sunset Strip Gentlemen's Club were not required by Defendant to have or possess any requisite certification, education, or specialized training.

31. At all times relevant, Defendant was in the business of operating the Sunset Strip Gentlemen's Club, an adult entertainment establishment, featuring exotic dancers.

32. At all times relevant, it was the job duty of Plaintiff and each other exotic dancer working for Defendant at or in Defendant's Sunset Strip Gentlemen's Club to perform as exotic dancers for Defendant's customers at Defendant's Sunset Strip Gentlemen's Club.

33. In addition to failing to pay Plaintiff and all other exotic dancers working for Defendant at or in Defendant's Sunset Strip Gentlemen's Club any wages or other compensation for hours worked, Defendant required Plaintiff and all other exotic dancers working for Defendant at or in Defendant's Sunset Strip Gentlemen's Club to pay Defendant and/or its ownership or management mandatory kickbacks and assignments including, but not limited to:

   i. A mandatory per shift "House Fee" kickback payment to Defendant and/or Defendant's mangers"

   ii. A mandatory kickback or tip assignment payment to Defendant's wait staff;

   iii. A mandatory kickback or tip assignment payment to Defendant's DJ;

   iv. A mandatory kickback or tip assignment of a pre-set percentage of tips received from customers for their performance of private and semi-private dances; and

   v. Various other fees and fines assessed by Sunset Strip's management for arriving late and/or violating club rules, guidelines, and policies in amounts at Defendant and/or its manager's sole discretion.

34. At all times during the relevant period, without legal excuse or justification, Defendant regularly and customarily kept and/or assigned a portion of the tips and gratuities Plaintiff and other exotic dancers working for Defendant at or in Defendant's Sunset Strip Gentlemen's Club received from Defendant's customers.

35. On information and belief, for the entire period relevant to this action, Defendant had actual or constructive knowledge that Defendant misclassified Plaintiff and other exotic dancers

working for Defendant at or in Defendant's Sunset Strip Gentlemen's Club as independent contractors instead of as employees.

36. On information and belief, for the entire period relevant to this action, Defendant's ownership and management had actual or constructive knowledge that Defendant's failure to pay wages or other compensation to Plaintiff and the other exotic dancers working for Defendant at or in Defendant's Sunset Strip Gentlemen's Club and charging unlawful kickbacks and/or tip assignments against Plaintiff and the other exotic dancers working for Defendant at or in Defendant's Sunset Strip Gentlemen's Club was in direct violation of the FLSA and the IMWL.

## CLASS ALLEGATIONS

37. Plaintiff brings her Count for relief under the IMWL individually and as a Class Action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

38. The Rule 23 Class is defined in this matter as all individuals, who at any time during the period June 27, 2019, through the date of judgment in this matter, worked for Defendant at or in Defendant's Sunset Strip Gentlemen's Club an exotic dancer (hereinafter, "the Class").

39. On information and belief, the Class are believed to exceed one hundred (100) current and former exotic dancers that worked for Defendant at or in Defendant's Sunset Strip Gentlemen's Club and is therefore so numerous that joinder of all members is impracticable.

40. There are questions of law and fact common to the Class that predominate over any questions solely affecting individual members, including, but not limited to:

    i. Whether Plaintiff and all other exotic dancers working for Defendant at or in Defendant's Sunset Strip Club during the relevant period were non-employee contractors or were Defendant's employees as the term is defined under the IMWL; and

      ii.      Whether Defendant's failure to pay wages or any other form of compensation to Plaintiff and the other exotic dancers working for Defendant at or in Defendant's Sunset Strip Gentlemen's Club violated Plaintiff and the other exotic dancer's right to minimum wage compensation under the IMWL.

41. Plaintiff's individual claims against Defendant under the IMWL are typical and substantially similar to the IMWL claims belonging to the members of the Class.

42. Plaintiff, like other members of the Class, was misclassified by Defendant as an independent contractor while working for Defendant as an exotic dancer at or in Defendant's Sunset Strip Gentlemen's Club during the relevant period.

43. Defendant's misclassification of Plaintiff and the members Class as non-employee contractors while working for Defendant as exotic dancers at or in Defendant's Sunset Strip Gentlemen's Club during the relevant period, was done pursuant to Defendant's common business practice and affected Plaintiff and the members of the Class in a similar way.

44. Plaintiff and each of the members of the Class were denied their rights to wages and gratuities by Defendant under the IMWL during the relevant period.

45. Plaintiff and her undersigned counsel are adequate representatives of the Class.

46. Given Plaintiff's loss, Plaintiff has the incentive and is committed to the prosecution of this action for the benefit of the members of the Class.

47. Plaintiff has no interests that are antagonistic to the members of the Class or that would cause them to act adversely to the best interests all members of the Class.

48. Plaintiff has retained counsel experienced in class and collective actions and, in particular, litigation of wage and hour disputes.

49. This action is maintainable as a class action under Fed. R. Civ .P. 23(b)(1), 23(b)(2), and

23(c)(4) because the prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for Defendant.

50. This action is maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class and because a class action is superior to other methods for the fair and efficient adjudication of this action.

## COLLECTIVE ACTION ALLEGATIONS

51. Plaintiff is pursuing this lawsuit as Collective Action under FLSA Section 216(b) on behalf of herself and all other similarly situated individuals who at any time during the period June 27, 2019 through the date each individual submits her opt-in Consent Form, worked for Defendant as an exotic dancer at or in Defendant's Sunset Strip Gentlemen's Club and was designated or classified by Defendant as a non-employee independent contractor, arising therefrom, was not paid by Defendant for compensable hours worked at a direct hourly rate at least equal to the Federal Minimum Wage as required by the FLSA (hereinafter, "the Collective").

52. Plaintiff and the members of the Collective are similarly situated because each, while working for Defendant as exotic dancers at or in Defendant's Sunset Strip Gentlemen's Club during the relevant period were (1) improperly classified by Defendant as non-employee independent contractors; (2) were not paid any wages by Defendant for hours worked; (3) were victims of tip theft whereby Defendant kept and/or assigned to management their tips and gratuities received from Defendant's customers; (4) were required by Defendant to pay per-shift house fees and/or kickbacks to Defendant for each shift worked; and (5) were not paid wages by

Defendant at or above the Federal Minimum Wage of $7.25 for each hour worked.

53.     Plaintiff's damages are substantially similar to other members of the Collective because, under the FLSA, each are owed (1) a return of all house fee kickback payments made to Defendant and/or its mangers or assigns for each shift worked; (2) reimbursement of all tips and gratuities taken and/or assigned by Defendant and/or Defendant's managers or assigns; (3) payment for all hours worked in an amount equal to the Federal Minimum Wage of $7.25 per hour; plus (4) statutory liquidated damages as provided by Federal law for Defendant's failure to pay minimum wage compensation as required by the FLSA.

54.     On information and belief, Defendant has employed at least one hundred (100) current and former exotic dancers to work or perform at or in Defendant's Sunset Strip Gentlemen's Club in the past three (3) years.

55.     On information and belief, Defendant is in custody, possession, and control of identifying records relating to all current and former exotic dancers employed by Defendant to work or perform in or at Defendant's Sunset Strip Gentlemen's Club in the past three (3) years.

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF THE FLSA
(Failure to Pay Statutory Minimum Wages)

56.     Plaintiff hereby incorporates all of the preceding paragraphs by reference as if fully set forth herein.

57.     The FLSA required Defendant to pay Plaintiff and other similarly situated exotic dancers working for Defendant at or in Defendant's Sunset Strip Gentlemen's Club during the relevant period at a direct hourly wage rate at least equal to the Federal Minimum Wage.

58.     The FLSA required that Defendant allow Plaintiff and other similarly situated exotic

dancers working for Defendant at or in Defendant's Sunset Strip Gentlemen's Club during the relevant period to keep all tips and gratuities received from Defendant's customers.

59. As set forth above, Defendant failed to pay Plaintiff and other similarly situated exotic dancers working for Defendant at or in Defendant's Sunset Strip Gentlemen's Club during the relevant period at direct hourly rates in compliance with the FLSA at or above the Federal Minimum Wage ($7.25 per hour).

60. Without legal excuse or justification, Defendant kept and/or assigned to management tips and gratuities received by Plaintiff and other exotic dancers working for Defendant at or in Defendant's Sunset Strip Gentlemen's Club during the relevant period and belonging to Plaintiff and other exotic dancers.

61. Defendant's failure to pay Plaintiff and other similarly situated exotic dancers working for Defendant at or in Defendant's Sunset Strip Gentlemen's Club during the relevant period free and clear direct hourly wages at or above the Federal Minimum Wage for all hours worked as required by the FLSA was willful and intentional and was not in good faith.

## COUNT II
## VIOLATION OF INDIANA MINIMUM WAGE LAW
(Failure to Pay Statutory Minimum Wage)

62. Plaintiff hereby incorporates all of the preceding paragraphs by reference as if fully set forth herein.

63. The IMWL required Defendant to pay Plaintiff and other similarly situated exotic dancers working for Defendant at or in Defendant's Sunset Strip Gentlemen's Club during the relevant period at a direct hourly rate at least equal to the Indiana Minimum Wage for all compensable hours worked.

64. The IMWL required that Defendant allow Plaintiff and other similarly situated exotic

dancers working for Defendant at or in Defendant's Sunset Strip Gentlemen's Club during the relevant period to keep all tips and gratuities received from Defendant's customers.

65. As set forth above, Defendant failed to pay Plaintiff and other similarly situated exotic dancers working for Defendant at or in Defendant's Sunset Strip Gentlemen's Club during the relevant period at direct hourly rates at or above the Indiana Minimum Wage in compliance with the IMWL.

66. Without legal excuse or justification, Defendant kept and/or assigned to management tips and gratuities received by Plaintiff and other exotic dancers working for Defendant at or in Defendant's Sunset Strip Gentlemen's Club during the relevant period and belonging to Plaintiff and other exotic dancers.

67. Defendant's failure to pay Plaintiff and other similarly situated exotic dancers working for Defendant at or in Defendant's Sunset Strip Gentlemen's Club during the relevant period as required by the IMWL was willful and intentional and was not in good faith.

## **RELIEF SOUGHT**

WHEREFORE, Plaintiff, individually and on behalf of those similarly situated, prays for relief as follows:

A. Permitting Plaintiff's Class claims under the IMWL to proceed as a Class Action under Federal Rule of Civil Procedure 23;

B. Permitting this case to proceed as a collective action under § 216(b) of the FLSA and ordering notice to the putative Collective Action class members at the earliest opportunity to ensure their claims are not lost to the FLSA statute of limitations;

C. Judgment against Defendant for failing to pay free and clear minimum wage compensation to Plaintiff and other similarly situated individuals during the relevant period as

required by the IMWL;

D. Judgment against Defendant for failing to pay free and clear minimum wage compensation to Plaintiff and other similarly situated individuals during the relevant period as required by the FLSA;

E. Judgment against Defendant for unlawfully taking and/or assigning tips and gratuities belonging to Plaintiff and other similarly situated individuals during the relevant period;

F. Judgment that Defendant's violations of the IMWL minimum wage requirements were not the product of good faith on the part of Defendant;

G. Judgment that Defendant's violations of the FLSA minimum wage requirements were not the product of good faith on the part of Defendant;

H. Judgment that Defendant's violations of the IMWL minimum wage requirements were willful;

I. Judgment that Defendant's violations of the FLSA minimum wage requirements were willful;

J. An award to Plaintiff and those similarly situated in the amount of all free and clear unpaid wages found to be due and owing to Plaintiff and each similarly situated individual for all compensable work hours performed for Defendant's benefit at or in Defendant's Sunset Strip Gentlemen's Club during the relevant period;

K. An award to Plaintiff and those similarly situated in the amount of all tips and gratuities unlawfully taken and/or assigned by Defendant and/or Defendant's management during the relevant period;

L. An award of statutory liquidated damages in amounts prescribed by the IMWL;

M. An award of statutory liquidated damages in amounts prescribed by the FLSA;

N.  An award of attorneys' fees and costs to be determined by post-trial petition;

O.  Leave to add additional Plaintiff by motion, the filing of written consent forms, or any other method approved by the Court; and

P.  Such further relief as may be necessary and appropriate.

                                                    Respectfully submitted,

Dated: June 27, 2022                     */s/ Brian R. Drummy*
                                                    Brian R. Drummy, #26348-49
                                                    Bunger & Robertson, Attorneys at Law
                                                    211 South College Avenue
                                                    Bloomington, Indiana 47404
                                                    Telephone: (812) 332-9295
                                                    Email: bdrummy@lawbr.com

                                                    Gregg C. Greenberg, MD Fed. Bar No. 17291
                                                    (To Be Admitted Pro Hac Vice)
                                                    Zipin, Amster & Greenberg, LLC
                                                    8757 Georgia Avenue, Suite 400
                                                    Silver Spring, Maryland 20910
                                                    Telephone:  (301) 587-9373
                                                    Email:  GGreenberg@ZAGFirm.com

                                                    *Counsel for Plaintiff and the Class / Collective*